UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT SIERRA,

    Plaintiff,

v.                                     CASE No. 8:04-CV-732-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is significantly flawed, it will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was thirty-three years old at the time of the administrative hearing and who has a ninth grade education (Tr. 346), has worked at construction and landscaping (Tr. 109). In March 2001, he filed his current application for supplemental security income payments, alleging

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

that he became disabled due to chronic pericarditis, secondary polycythemia, chronic prostatitis and sciatica (Tr. 96). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had "an impairment or combination of impairments considered 'severe'" (Tr. 22, ¶3), but failed to say what that impairment was or those impairments were. He concluded that the plaintiff could perform a wide range of light work (id. at ¶5). Based upon the testimony of a vocational expert, the law judge determined that the plaintiff could not return to prior work, but could perform work that existed in the national economy, such as small products assembler, arcade attendant, and merchandise marker (id.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

. . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is

supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff contends that the law judge erred by failing to follow the five-step sequential analysis for disability claims. See 20 C.F.R. 416.920(a)(4). Specifically, the plaintiff asserts that, at the second step of the analysis, the law judge was supposed to identify the impairment or impairments that is or are severe, that is, that significantly limit the ability to work, 20 C.F.R. 416.920(c), and that he failed to do so.

Unlike the standard decision, the law judge in this case did not specify which impairment or impairments he considered severe. Indeed, although the decision clearly reflects that the law judge found the plaintiff to have at least one severe impairment, the law judge did not indicate whether the plaintiff had just one severe impairment, or had more than one severe impairment. Thus, all he said was that the plaintiff "has an

impairment or a combination of impairments considered 'severe'" (Tr. 22). While that vague determination takes the inquiry past step two of the sequential analysis, it does not permit meaningful judicial review.

Here, the plaintiff alleges impairments of "chronic pericarditis, secondary polycythemia, chronic prostatitis, sciatica, fatigue, sleep apnea, chronic urinary incontinence and dysuria, shortness of breath, edema of the lower extremities and obesity" (Doc. 20, p. 4; see also id. at p. 16). However, it cannot be discerned from the decision which of these problems the law judge found to be a severe impairment; which, if any, he found to be a nonsevere impairment; and which, if any, he found to be no impairment at all.

For example, the plaintiff testified, as the law judge recognized (Tr. 18), that his sleep disorder leads to lung and heart problems (Tr. 353). I simply cannot tell from the decision what weight the law judge gave to the evidence of the sleep disorder. The law judge did say that, "while the claimant does experience daytime sleepiness which may affect his alertness, it does not preclude him from performing simple repetitive tasks" (Tr. 19). This is not a sufficient evaluation of the alleged impairment of a sleep disorder. In the first place, simple repetitive tasks would not seem to

overcome daytime sleepiness but rather would exacerbate it. In all events, the plaintiff testified not merely to daytime sleepiness but to a sleep disorder that affects his heart and lungs.

The law judge pointed out that, although a sleep study was recommended, that was never done (Tr. 19). Notably, the plaintiff testified that he stopped going to the sleep specialist for financial reasons (Tr. 364). Particularly in light of this testimony, which the law judge did not address, the law judge's mere comment that a sleep study was recommended but not done fails to amount to, or support, a credibility determination regarding the plaintiff's allegation of a sleep disorder.

In short, the law judge's decision does not state, or even indicate, whether the plaintiff had a severe impairment of a sleep disorder. Since such an assessment is normally a starting point for an evaluation of an administrative decision, its absence makes judicial review depend upon speculation.

Another example of an impairment that was not properly addressed by the law judge is the plaintiff's condition of polycythemia, which involves an abnormal increase in the red blood cells. There is no indication in the decision whether the law judge found this to be a severe

impairment, a nonsevere impairment, or no impairment at all. Correspondingly, there is no explanation in the decision concerning the basis for placing the condition in one of those categories.

In Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986), the court held that the law judge was required to consider each of the alleged impairments. Moreover, the law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Id. Those requirements were not met here since the law judge did not even identify which impairments he considered to be severe.

The Commissioner argues that a law judge does not commit reversible error by failing to list all of the severe impairments (Doc. 21, p. 5). I agree with that position to a certain extent. Thus, in the circumstances of a particular case, it may not be reversible error if the law judge does not state whether a particular impairment is severe or nonsevere since, under the stated analysis, it may make no difference whether a particular impairment is severe or nonsevere. See Martinez for Cortes v. Barnhart, Case No. 8:04-CV-625-T-TGW (Doc. 21, pp. 6-7).

In this case, however, the law judge's failings were much greater: He failed to identify any impairment as being severe.

Consequently, I am required to guess which one (or more) was severe; to guess which ones, if any, were nonsevere; and to guess which ones, if any, were not impairments at all. Moreover, that guesswork is to take place in a context of a large number of impairments, some of which are unusual. In addition, I would need to assume, inappropriately, that the law judge has evaluated each of the plaintiff's alleged impairments. Under these circumstances, it is simply not possible to determine whether the law judge's assessment of each alleged impairment was rational. See Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985).

      The plaintiff raises a second valid challenge to the law judge's decision. This one relates to the taking of administrative notice that the plaintiff's cardiac medicine, Lasix, does not lead to frequent urination.

      During the hearing, the plaintiff testified that the typical side effect of one of his medications was the need to urinate twice an hour (Tr. 353-54). The credibility of this testimony became critical when the vocational expert testified that employers would not tolerate the situation if an employee had to take an unscheduled restroom break even once an hour (Tr. 371, 377).

The law judge discounted the plaintiff's testimony regarding the frequency of urination by referring to The Pill Book, which was said to indicate that a side effect of Lasix was decreased frequency of urination (Tr. 19). The plaintiff strongly disputes the information noted by the law judge. In this respect, he provides citations to authorities indicating that Lasix is a powerful diuretic and that frequent urination is a common side effect (see Doc. 20, pp. 9-10).

There is binding authority in this circuit that administrative notice cannot be taken of facts unless the claimant is informed of that circumstance and given an opportunity to controvert the facts to be noticed. Fruge v. Harris, 631 F.3d 1244, 1247 (5th Cir. 1980); see also White v. Harris, 605 F.2d 867, 869 (5th Cir. 1979). The plaintiff does not appear to have been given such an opportunity in this case. Consequently, it was improper for the law judge to rely upon the information from The Pill Book regarding the side effects of Lasix to discredit the plaintiff's testimony about the frequency of urination. Moreover, that impropriety constitutes reversible error due to the importance of that testimony in view of the evidence from the vocational expert.

IV.

For the foregoing reasons, the decision of the Commissioner is deficient. Therefore, the Commissioner's decision is hereby REVERSED, and the matter REMANDED for further proceedings. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>22nd</u> day of June, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE